# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD STEPHENS and BONNIE WILSON,** | : : : | Civil Action No. 1:14-CV-160 |
| **Plaintiffs** | : : | |
| v. | : : | (Chief Judge Conner) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : : : | (Magistrate Judge Carlson) |
| **Defendant** | : : | |

## REPORT AND RECOMMENDATION

### I.   Introduction

This case, which comes before the court on a motion to remand this action to the Court of Common Pleas of Dauphin County, illustrates some of the procedural shoals which must be navigated by litigants when engaging in federal removal practice. Our legal system is one that is marked by overlapping jurisdiction between state and federal courts, with both court systems exercising concurrent authority over a wide array of cases and controversies. Recognizing this fundamental truth regarding the architecture of our court system, and acknowledging that some matters commenced in state court may be better suited for resolution in federal court, Congress has by statute prescribed procedures for the removal of cases from state court into a federal legal forum. See 28 U.S.C. §1446. However, while Congress has

provided a path for removal of cases from state courts, it has done so in a fashion which also acknowledges that untrammeled removal of matters would be inconsistent with the considerations of comity that guide our dual court system, and could be potentially disruptive of judicial economy. Therefore, by enacting 28 U.S.C. §1446, Congress has prescribed both substantive requirements for removal and set time lines and procedures for the exercise of removal jurisdiction, procedures which command parties to make prompt and timely removal decisions.

In some instances, like this case, those procedures and time lines can create a challenge for counsel. First, counsel must ensure that removal is proper, and may not prematurely seek to remove a case to federal court prior to ensuring that the opposing party has stated a claim that is cognizable in federal court. Therefore, counsel are enjoined that they may not act too hastily in filing a notice of removal. At the same time the removal statute requires counsel to move promptly when removing an action, and instructs counsel that: "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such [removal] action or proceeding is based." 28 U.S.C. §1446. Therefore, counsel are also forbidden from delaying too long in seeking removal of a lawsuit from state court into a federal forum after the nature of the federal claim becomes apparent.

Thus, in practice, litigants must often endeavor to steer a course between the Scylla of § 1446's prohibition against the filing of premature removal notices and the Charybdis of §1446's time limits for removal. In this case, the motion to remand filed by the plaintiffs calls upon us to assess whether the defendant properly navigated these legal shoals. Finding that the defendant steered a true legal course in this matter, for the reasons set forth below we recommend that the motion to remand be denied.

## II.   Statement of Facts and of the Case

The plaintiffs, who were initially proceeding *pro se*, commenced this action by filing a writ of summons against the defendant, State Farm, on October 9, 2013. (Doc. 8. Ex. B.) That writ of summons was a spare document, which provided no legal or factual basis for removal of this action. This writ of summons was served upon, and received by, State Farm by October 15, 2013. (Id__.) State Farm then promptly responded to this *pro se* pleading, with counsel entering an appearance and filing a praecipe and rule to file a complaint on October 23, 2013. (Doc. 8, Ex. A.)

When State Farm's counsel did not receive a copy of any complaint, on January 17, 2014, State Farm filed a Notice of Intent to File Praecipe to enter a Judgment of Non Pros which recited that State Farm had not received a complaint from the plaintiffs. (Id.) In fact, unbeknownst to State Farm, the *pro se* plaintiffs had placed a complaint upon the Common Pleas court docket on December 11, 2013, and

had certified that a copy of the complaint had been mailed to defense counsel. Counsel for State Farm attests, however, that no such complaint was received by them, and their actions in filing a Notice of Intent to File Praecipe to enter a Judgment of Non Pros on January 17, 2014, confirm their lack of knowledge regarding this *pro se* filing. Instead, it appears undisputed that State Farm first learned of this filing when it was contacted on January 29, 2014, by the newly retained counsel for the plaintiffs and advised that a complaint, in fact, had been filed by the plaintiffs. (Doc. 8.) Having learned of this development, State Farm moved promptly, filing a Notice of Removal within two days, on January 31, 2014. (Doc. 1.)

It is against this factual backdrop that we consider the plaintiffs' motion to remand. (Doc. 6.) For the reasons set forth below, it is recommended that this motion be denied.

**III. Discussion**

Removal of cases is governed 28 U.S.C. §1146, which provides as follows:

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b).

Thus, §1446 commands parties seeking removal to comply with two mandates: First, these parties are forbidden from filing notice of removal prematurely, prior to the time when grounds for removal are apparent. However, at the same time parties are required to file a notice of removal in a prompt and timely fashion, and must seek removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadig setting forth the claim for relief upon which such action or proceeding is based." Id.

It is well settled that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987) (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985)),cert. dismissed sub nom. American Standard v. Steel Valley Auth., 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). However, when construing §1446: "The first paragraph of Section 1446 (b) sets out

the fundamental and well-settled principle that the time limitation on removal of a civil action begins to run [only] when the defendant receives [actual] notice of the state court action, not when the state court action is commenced. This is the so-called receipt rule, which has the virtues of logic and common sense, and has been articulated and applied by many federal courts in numerous cases. . . ." Procedure for Removal–Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris.,§ 3731 (4th ed. 2013).

As its name implies, this "receipt rule" calculates the time for removal from the actual receipt of a pleading that gives notice that an action is subject to removal. Applying this principle to the rudiments of Pennsylvania state practice, it has been held that "[a] summons may not serve as an initial pleading" triggering a duty to remove within 30 days, Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005), since: "The model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy. Id. This is insufficient to notify the defendant 'what the action is about.'" Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005). Instead, typically the complaint will be the initial pleading which may trigger the time line for removal under §1446. Id. Applying these benchmarks, it has also been held that:

"Where, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint." Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007).Thus, we have typically begun the running of the removal clock from the time when the defendant actually receives a copy of the complaint setting forth a claim that is subject to removal, and not from the date upon which such a complaint is filed, but not served or received. See e.g., Heffran v. State Auto Prop. & Cas. Ins. Co., 3:13CV513, 2013 WL 4041171 (M.D. Pa. Aug. 7, 2013), ("Plaintiff provided a copy of the complaint to defense counsel on January 24, 2013. . . . . Defendant then had thirty (30) days in which to file the notice of removal."); Bell v. UNUMProvident Corp., 222 F. Supp. 2d 692, 695 (E.D. Pa. 2002).

    Judged against these guideposts, we recommend that the plaintiffs' motion to remand be denied since the facts show that State Farm acted in a timely fashion in removing this lawsuit upon the defendant's actual receipt of the plaintiff's complaint. Thus, while State Farm was served with a writ of summon in October, 2013, that document, standing alone, plainly was insufficient to trigger any removal deadlines by defense counsel. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005). Yet, when State Farm's counsel received this document, they acted with dispatch, entering an appearance and filing a praecipe and rule to file a complaint on

October 23, 2013. (Doc. 8, Ex. A.)

The plaintiffs then filed a *pro se* complaint on December 11, 2013, but the mere filing of this complaint was not sufficient to trigger the 30-day removal period, where there is no indication that the complaint was actually received by the defendant. More must be done before the 30-day removal deadline begins to run. The defendant must actually receive the complaint. Here, counsel for State Farm represents that the defendant did not receive a copy of the plaintiffs' *pro se* complaint, filed on December 11, 2013, at the time it was filed and the actions of defense counsel confirm that State Farm was unaware of this filing, since State Farm filed a Notice of Intent to File Praecipe to enter a Judgment of Non Pros on January 17, 2014, a pleading which only makes sense if State Farm was not aware of this *pro se* filing. Instead, it appears that State Farm first became aware of the filing of this complaint when it was contacted on January 29, 2014 by the newly retained counsel for the plaintiffs and advised that a complaint had been filed. (Doc. 8.) Having learned of this development, State Farm then promptly filed a Notice of Removal within two days, on January 31, 2014. (Doc. 1.)

On these facts, where court records show that State Farm was taking action as late as January 17, 2014 which manifested its lack of knowledge regarding the filing of the plaintiff's *pro se* complaint, we credit State Farm's assertion that it only

actually received that complaint after January 17. Accepting that "[w]here, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants *received* a copy of the complaint," Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007)(emphasis added), we conclude that this 30-day period began after January 17, 2014, and therefore find that the filing of a Notice of Removal on January 31, 2014, was timely under §1446.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion to remand (Doc. 6) be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of March, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
