**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERALD STEPHENS and** | : | **Civil Action No. 1:14-CV-160** |
| **BONNIE WILSON,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant** | : | |

**REPORT AND RECOMMENDATION**

I.    **Statement of Facts and of the Case**

This case, which comes before us on a motion to dismiss, involves a contractual dispute relating an insurance policy. With respect to this claim, the well-pleaded facts can be simply stated: The complaint alleges that the Plaintiffs, Gerald Stephens and Bonnie Wilson, purchased a homeowners insurance policy for their property located at 1184 Julianne Drive, Hummelstown, Pennsylvania from State Farm, and had fully paid the premiums under this insurance policy at the time of the losses which they alleged took place in 2012. (Doc. 1-1, ¶1.) According to Stephens and Wilson, "[c]laims were made for theft vandalism and water damages, which have been given 3 different claim numbers by State Farm even though they are related to concurrent loss events." (Id.)

Stephens and Wilson state that they submitted claims to State Farm relating to these losses in October 2012. According to the plaintiffs in January 2013 a State Farm adjuster then "visited the property to view damages to the property and evaluate the claimed losses." (Id., ¶¶3-4.) On or about February 2013, the plaintiffs allege that they hired a public adjuster to settle their claims with State Farm, and in February 2013State Farm "paid part of the money to the plaintiffs toward partial settlement of the claimed losses but many claimed losses have not been paid for." (Id., ¶¶5-6.)

The Complaint further contends that Stephens and Wilson have repeatedly demanded payment of the additional amounts they believe are due, but that State Farm has neglected and refused to pay replacement costs of losses and only paid greatly depreciated values; has not paid for stolen utilities or lost rental income; and acted in bad faith and not dealt fairly with the plaintiffs. (Id., ¶¶7-10.) After setting forth these factual recitals, the complaint advances three legal claims: Count I alleges a cause of action for Breach of Contract relating to this insurance policy; Count II asserts a claim for Unjust Enrichment; and Count III seeks injunctive relief for Cancellation of Insurance on False Premises. (Id.) With respect to Count II, the Unjust Enrichment claim, the complaint contains a single averment, alleging that if State Farm "is permitted to retain the payments for insurance supplied by Plaintiff, without making payment, [State Farm] will be unjustly enriched in the amount of the insurance

premiums paid and the losses experienced." (<u>Id</u>.)

State Farm timely removed this action from state court, and then filed the instant motion to dismiss on February 6, 2014, (Doc. 4), accompanied by a supporting memorandum of law on February 20, 2014. (Doc. 7.) In this motion, State Farm sought to dismiss Count II of the complaint, the unjust enrichment claim, and also requested dismissal of the prayer for injunctive relief. The time for responding to this motion has passed, without response by the plaintiffs. Therefore, this motion will be deemed ripe for resolution.

For the reasons set forth below, it is recommended that the motion to dismiss be granted, in part, and that Count II of the complaint be dismissed.

## II. **Discussion**

### A. **Motion to Dismiss–Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (abrogating "no

set of facts" language found in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. <u>Id</u>. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting <u>Twombly</u>, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002); <u>see also, U.S. Express Lines, Ltd.</u>

4

v. Higgins, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

> ### B.   Pennsylvania Law Does Not Recognize a General Free-Standing Claim of Bad Faith Outside a Contractual Context

As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000). Pennsylvania law provides for a contractual cause of action by insurance policy holders against an insurance company that unjustifiably denies an insurance claim. However, in this setting it has also long been recognized that: " The Supreme Court of Pennsylvania has concluded that 'the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract.' Schott v. Westinghouse Electric Corp., 436 Pa. 279, 290, 259 A.2d 443, 448 (1969). The Superior Court followed this holding in Gee v. Eberle, 279 Pa.Super. 101, 119, 420 A.2d 1050, 1060 (1980): 'the essence of the doctrine of unjust enrichment is that there

is no direct relationship between the parties.' If there is a relationship in the form of a promise to, or for the benefit of, the plaintiff, he 'has a right to recover on the promise.... The existence of that right, however, precludes a claim of unjust enrichment.' See also Third National Bank & Trust Co. of Scranton v. Lehigh Valley Coal Co., 353 Pa. 185, 44 A.2d 571 (1945); Roman Mosaic & Tile Co., Inc. v. Vollrath, 226 Pa.Super. 215, 313 A.2d 305 (1973)." Benefit Trust Life Ins. Co. v. Union Nat. Bank of Pittsburgh, 776 F.2d 1174, 1177 (3d Cir. 1985). Thus, it is a well-settled and longstanding principle that: "Under Pennsylvania law, 'the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings.' Wilson Area Sch. Dist. v. Skepton, 586 Pa. 513, 895 A.2d 1250, 1254 (Pa.2006) (internal quotation marks omitted); see Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh, 776 F.2d 1174, 1177 (3d Cir.1985); Schott v. Westinghouse Elec. Corp., 436 Pa. 279, 259 A.2d 443, 448 (Pa.1969)." Grudkowski v. Foremost Ins. Co., 13-1893, 2014 WL 764766 (3d Cir. Feb. 27, 2014)(construing insurance contract under Pennsylvania law).

This settled legal principle controls here, and is fatal to this effort to assert an unjust enrichment claim in the context of this dispute under an insurance policy, a

dispute that is fundamentally contractual in nature. Since "[u]nder Pennsylvania law, 'the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings,' " Grudkowski v. Foremost Ins. Co., 13-1893, 2014 WL 764766 (3d Cir. Feb. 27, 2014)(construing insurance contract under Pennsylvania law), State Farm is entitled to dismissal of this unjust enrichment claim, which arises in a contractual setting.[1]

---

[1]The defendant also seeks to dismiss Count III of the complaint, which seeks to enjoin cancellation of the plaintiffs' insurance policy with State Farm. In this regard, the defendant's motion aptly notes the very exacting standard which the plaintiffs must meet in order to sustain this claim.  As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting  SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)) While we agree that the plaintiffs face a daunting burden of proof in pursuing this claim, and given the nature of the claim also should move for a preliminary injunction if this prayer for relief is to have any practical meaning, to date the plaintiffs have not sought injunctive relief, and any assessment of whether they have met this exacting showing should await a proper motion seeking injunctive relief, and an assessment of the evidence marshaled in support of that motion. Plaintiffs should understand, however, that a failure to pursue this claim may result in either the loss of the claim or  its dismissal.

### III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, the IT IS RECOMMENDED that Motion to Dismiss be GRANTED, in part, with respect to the Plaintiff's unjust enrichment claim. (Count II.)

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,  recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of March, 2014.

_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge