# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD STEPHENS and BONNIE WILSON**, | : : : | **CIVIL ACTION NO. 1:14-CV-0160** |
| | : | **(Chief Judge Conner)** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY**, | : : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 5th day of May, 2014, upon consideration of the reports (Docs. 9, 10) of Chief Magistrate Judge Martin C. Carlson, recommending the court deny plaintiffs' motion (Doc. 6) to remand the above-captioned matter to the Dauphin County Court of Common Pleas and grant defendant's motion (Doc. 4) to dismiss to the extent it seeks dismissal of plaintiffs' claim in Count II for unjust enrichment, and, after an independent review of the record, and noting that plaintiffs filed an objection[1] (Doc. 11) to the report recommending denial of their motion to remand, and that defendant filed a response (Doc. 12) to plaintiffs' objection, and that plaintiffs neither opposed defendant's motion

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

to dismiss nor objected to the magistrate judge's recommendation with respect to that motion, and the court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and the court further finding plaintiffs' objection to be without merit[2] and squarely addressed by Judge Carlson's report, it is hereby ORDERED that:

1. The reports (Docs. 9, 10) of Chief Magistrate Judge Carlson are ADOPTED.

2. Plaintiffs' motion (Doc. 6) to remand the above-captioned matter to the Dauphin County Court of Common Pleas is DENIED in its entirety.

3. Defendant's motion (Doc. 4) to dismiss is GRANTED to the extent it seeks dismissal of Count II of plaintiffs' complaint. The motion is DENIED in all other respects.

4. Count II of plaintiffs' complaint (Doc. 1-1) is DISMISSED with prejudice.

5. This matter is REMANDED to the magistrate judge for further proceedings.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

---

[2] Plaintiffs ask the court to reconsider two questions answered by the magistrate judge: when this action became removable, and whether its ultimate removal was timely. It is true, as plaintiffs suggest, that Section 1146 is to be strictly construed against removal. (Doc. 11 at 4 (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). Here, however, State Farm has offered evidence which tends to show that it did not receive plaintiffs' complaint until January 29, 2014. Indeed, it has submitted an affidavit of counsel noting that the complaint was not received until that date and shown that it took actions and made filings, particularly a motion to dismiss for *non pros*, which it would not have made had it received a copy of the complaint. Under these circumstances, the court agrees with Judge Carlson's finding that the action did not become removable until State Farm's counsel received a copy of plaintiffs' complaint on January 29, 2014.