IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD STEPHENS and BONNIE WILSON,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **STATE FARM FIRE AND CASUALTY COMPANY,** : <br> : <br> **Defendant** : | **CIVIL ACTION NO. 1:14-CV-160** <br><br> **(Chief Judge Conner)** |

## ORDER

AND NOW, this 16th day of October, 2014, upon consideration of the report (Doc. 23) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant in part and deny in part the motion (Doc. 19) for leave to file an amended complaint filed by Gerald Stephens and Bonnie Wilson (collectively, "plaintiffs"), and, following an independent review of the record, and it appearing that neither party has objected to the report, and that there is no clear error on the face of the

record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 23) of Chief Magistrate Judge Martin C. Carlson is ADOPTED in its entirety.

2. Plaintiffs' motion (Doc. 19) for leave to file an amended complaint is GRANTED in part and DENIED in part as follows:

   a. The motion is GRANTED to the extent plaintiffs' proposed amended complaint seeks to assert a breach of contract claim against defendant but DENIED to the extent that proposed count seeks attorneys' fees and punitive damages.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report in accordance with this Third Circuit directive.

      b.      The motion is DENIED without prejudice to the extent plaintiffs' proposed amended complaint seeks to assert a statutory bad faith claim pursuant to 42 PA. CONS. STAT. § 8371 against defendant.

      c.      The motion is GRANTED to the extent plaintiffs' proposed amended pleading seeks to assert a claim against defendant pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201-9.2.

3. Plaintiffs are GRANTED leave to amend their complaint consistent Judge Carlson's report (Doc. 23) and ¶ 2 above within seven (7) days of the date of this order.

4. This matter is REMANDED to Judge Carlson for further proceedings.

        /S/ Christopher C. Conner
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania